We have two cases this morning on the first of a two-day sitting. And the first case is the United States v. Shields, number 19-2717, Messrs. Fine and Bloom. And you can take off your mask when you come to both sides. If you want to take them off now, it's up to you, whenever you're ready. May it please the Court, I'm David Fine. The Court appointed me to serve as amicus curiae to argue the position of Mr. Shields in this appeal. Judge Ambrose, if I'm permitted, I'd like to reserve three minutes for rebuttal. No problem at all. Thank you very much. In addition to anything that the Court would like to address, I'd like to focus on two principal issues. The first one is whether the district court erred in the First Step Act resentencing in not allowing Mr. Shields to present a fuller record in support of his arguments under Section 3553A and with respect to his post-sentencing conduct. Is there anything in either statute that requires the hearing? Is there anything in either statute that requires the hearing? 3582 or 404. No, Your Honor. So then under what ground? I mean, is it basically it's the right thing to do in connection with administration, especially when you have a change of judges, or what? I think that's right, Your Honor, because there has to be a distinction between this case and Easter. Because Easter, of course, says that in the general mill run of things, you don't have an in-person proceeding. But, of course, in Easter, the original sentencing judge was Judge Rambo, and the First Step Act resentencing judge was Judge Rambo. In Mr. Shields' case, Judge Caldwell sentenced him, and by the time the First Step Act resentencing occurred, Judge Caldwell had left the Court and subsequently passed away, and Judge Mannion took over. Are you suggesting there should be a per se rule that whenever it's not the original sentencing judge that there should be a full hearing and the procedure that you suggest of an addendum to the PSR and further objections? Or is it just the facts of this case and an abuse of discretion argument? Your Honor, I think it would be difficult for me to say that it's specific to this case, because I think the rule that I'm suggesting, and as I noted in my brief, I recognize that it's an uphill climb for Mr. Shields on that argument given Easter. But it does seem to me that there's a distinction that's a material distinction between Easter and this case. And, of course, Mitchell, the case that the Court alerted counsel to be prepared to address, helps to support that. Where there's a different judge presiding over the sentencing than presided over the original sentencing or the trial, for that matter, that judge may not have the familiarity to have enough information. We know from Easter that the judge needs to consider the Section 3553A factors. Well, shouldn't you? Why shouldn't it depend on the given case? And one of the circumstances in Mitchell was the need to evaluate credibility of witnesses. What do we have here that would suggest that that sort of evidentiary justification for a full hearing? Judge Krauss, in this case, I am told by the federal public defender, who was at the time representing Mr. Shields, that what he intended to do, if allowed a fuller hearing, was actually call in witnesses, family members, counselors from the correctional institution, to speak of the rehabilitation that Mr. Shields had had. Because, of course, in the first offing, his original sentencing in 2009, he presented himself very poorly. He didn't cooperate with the probation folks. There were all different sorts of ways in which he made a very bad impression. And the suggestion is that allowed the opportunity to present additional witnesses or at least additional evidence in written form and argument with respect to Section 3553A, Mr. Shields would have made a different presentation. And, of course, the question of who he is under Section 3553A focuses on who he is at the time of the resentencing. Well, what actually prevented him from filing that written submission? After all, he did file the evidence of rehabilitation, the certificate, the individualized plan. What prevented him from putting in something further in writing? Your Honor, I don't know that I can point you to anything that prevented it. I know what the practice was in the Middle District and with this federal defender's office. It took it in two pieces. It made a motion asking the court to allow a resentencing. And then most of the judges, and I note this in my amicus brief, most of the judges then ordered the probation department to prepare a new PSR and allowed further briefing on the issues under Section 3553A. So that was what was anticipated here. If you ask me to point to anything in the statute, my duty of candor tells you that I don't know of anything. Is there something in practice? Absolutely. And certainly there was nothing that prevented Judge Mannion from allowing Mr. Shields to file additional materials and make additional arguments. While I recognize that Easter creates – There were some additional materials filed, right? There were. There were a couple of pieces of information regarding courses he had taken in the institution and about a reentry plan. And what additional would he like to have filed that was denied? He would have provided declarations or affidavits from counselors at the institution. He would have provided declarations or affidavits from family members and others who had interacted with him since the time of his incarceration. He would have also offered additional evidence of things that he had done in the institution to demonstrate that he's a different citizen. But in effect, the sentence was reduced, was it not? It was. So 362 months from what, 360? I believe that's right, Your Honor. Okay. Yes. But, of course, Judge Mannion had the opportunity and the authority to vary downwards from the bottom of the range. So while it's certainly a helpful thing for Mr. Shields that Judge Mannion went to the bottom of the range, as Judge Caldwell had, there was the opportunity for him to go even lower had he heard evidence that for a downward variance. And I'd like to focus just for a moment, if I might, on that question of simply allowing additional written submissions. It would have cost nothing for the court to do that, of course. And we know from the Supreme Court's decision in the Pepper decision, the talks about post-sentencing rehabilitation and how it can be important evidence for purposes of sentencing, that the court said, and this is at page 488, quote, in particular we have emphasized that highly relevant, if not essential to the selection of an appropriate sentence, is the possession of the fullest information possible concerning the defendant's life and characteristics. That's what Mr. Shields wanted to present here to Judge Mannion. And I would submit to the court that Judge Mannion erred in not allowing that fuller record to be presented. But there's no bar. What you're saying is Judge Mannion had an obligation to affirmatively solicit it. I don't see any reason why he couldn't have submitted it, but you said the judge has to go an extra mile and ask, what else do you want? No, Your Honor. Respectfully, Judge Bevis, I'm not saying that. Okay. Because I don't, I would never come to this court and suggest that Judge Mannion had that obligation. But here, in the motion for resentencing, there was a request for either an in-person hearing or, in the alternative, for Mr. Shields to be allowed to present additional evidence and a sentencing memorandum. So this was requested of the judge. I'm not suggesting that the judge had a sui sponte duty to do so. If we were to suggest that that practice of having an addendum to the PSR and not required best practices, wouldn't we be approaching having the plenary sentencing procedure that we said in Easter was not required? Well, approaching and arriving at, I think, are different here. It would not be a full plenary proceeding, because there's an awful lot more that goes into a sentencing proceeding in the normal course than simply having a PSR prepared. And, Judge Ambrose, I think you wrote in the majority opinion in the Murphy case that the court was trying to steer between the goal posts, as it were, created by Easter. Easter said you could not have a plenary resentencing, but at the same time you needed to consider Section 3553A. And my suggestion is that to do that and to do that appropriately, a supplemental PSR would at least be the starting point. And if not that, Judge Krauss, certainly allowing the defendant, when he requests leave to do so, simply to file additional argument and written materials. But wouldn't that be true for any sentencing, even if it was the original judge? After all, many of these resentencings will involve an original sentence that was years back where memories necessarily faded. Your Honor, I agree. And I think that it would be appropriate for any and all sentencings. And that's pretty much how the Middle District judges, except for Judge Mannion, have approached it. I think the distinction that I've called out is with respect to the in-person hearing, not the submission of written materials. I think the submission of written materials and an updated PSR would be appropriate in any sentencing. Because, as you say, memory is writ with faint ink. But your supplemental memorandum indicates that it's a pretty close question as to whether there should be a hearing. And you think the stronger argument is the ability to submit additional materials regarding whatever it might be, rehabilitation, whatever it might be. Yes, sir. In connection with what Judge Krauss touched on, the career offender designation calls for a recalculation of the sentencing guidelines. So if it goes back on that, what you're suggesting is what? Are you really suggesting that we mandate that the court have additional, allow additional memoranda, or suggest it, or what? I think in this case, it would be appropriate to say that because, as the Supreme Court said in Pepper, you need to have full information. And I realize that that obviously has its limits. An inmate could demand a hearing every day for a month. And that's not what I'm suggesting, of course. But all that happened here was somebody said, may we provide an additional sentencing memorandum. And at least in this case, that should have been permitted. And in this case, of course, if it goes back, it would be important because it would take into consideration Nassar, and the very critical effect that Nassar has on this case. Because if Nassar is applied to Mr. Shields' case, if I understand the sentencing guidelines appropriately, and I will admit that I regard them as something out of Dante, so I talk to the folks in the Federal Defender's Office, and they tell me that the new range would be something like 135 to 168. So it would be a substantial difference for Mr. Shields. And so, therefore, at the very least, the district judge should have information and argument. The word you're using is should twice now rather than must. Is that what you're suggesting to us? I think that's right, Judge Ambrose. I think that he should allow at least an additional memorandum. And, of course, when there's a question about whether the career offender guideline still applies, then certainly I think the court needs to hear about that because it's never heard that argument before. The application of the en banc Nassar decision to Mr. Shields' specific case. The government makes the argument that under Murphy, the district court only needed to make that assessment based on the laws that existed at the time. And, of course, at the time, Nassar had not yet been decided. What's your response to that argument? My response, Your Honor, is to point to the admittedly non-presidential decision of this court in Cabrera from this summer. Judge Sirica wrote there and it was a very similar case in which the Nassar argument was not raised at the time of sentencing because Nassar had not yet been decided and nobody made that particular argument. Nonetheless, in his opinion, Judge Sirica applied the exceptional circumstances test and then asked whether it would be plain error for the court to sentence, to have sentenced, Mr. Cabrera as a career offender. And he said on all fronts, yes, this is an exceptional circumstance and, yes, plain error review does apply. And I would submit that Cabrera, which doesn't bind this court, I understand, but as persuasive authority is pretty compelling because it's very similar to Mr. Shields' case. His case is still on direct review from the resentencing and he should get the benefit of that. At the very least, because the appearance of justice, that last step in the plain error review analysis, would be greatly enhanced if a fellow didn't have to stay in prison for eight more years simply because he fell on one side of a divide or the other side when his case was still on direct review. Thank you very much. We'll get you back to rebuttal. Thank you, Your Honor. Mr. Bloom. Good morning. May it please the Court, my name is Darrell Bloom and I represent the United States. This court is being... I have a question. If Easter says that you must consider post-sentencing developments like rehab and things like that, how is the court going to do that if it doesn't have a hearing or invite sentencing memorandum? Well, Your Honor, in this particular case, the court did have the benefit. In fact, the court had benefit of dozens and dozens of pages from the appendix at 125 to the appendix at 219 are documents that were submitted, not initially with the defendant's motion, but also with the reply and then two supplements that he had. But rehabilitation would be something that's happened since the first sentencing before Judge Caldwell, would it not? It would indeed. I mean, just thinking of my own... Oftentimes I come into court thinking that I know where I'm heading and then counsel says something that really makes me change my path and think differently. And in connection with the sentencing, it would appear that those things could be, for example, things that the person has done in prison to rehabilitate himself and therefore to get a more consideration, perhaps a consideration that will move the judge to move even lower than the judge was initially inclined to do. And I think in this particular case, and that's a good point, Your Honor, in this particular case, the district court did consider those factors. In fact, the appendix at 5 and 17 indicates that the judge has very thoroughly reviewed those factors and made his decision based upon those factors. And so the 3553A factors were considered by the district court. We would ask that this court affirm the decision of the district court. There was no error in the application of the district court's decision. The district court found him to be initially a career offender based upon what he believed the law was of the case but said nonetheless that he would be a career offender at that time regardless and based upon the residual clause. And so therefore there's no error. How could we conclude that the district court gave meaningful consideration to arguments about the 3553A factors when it didn't allow for the filing of those very arguments? It didn't hear those arguments because the very next thing it did in response to a motion that requested the opportunity to file the sentencing memorandum was that it simply ruled. Well, Your Honor, at that time there was consideration of all the factors and the district court was not required to hold a hearing. The district court did consider those factors, and in fact the district court gave every opportunity for the defendant and defense counsel to file whatever documents they needed. What they never specified is any particular documents that they would have filed or would have liked to file. Well, but in their motion and also in the reply, there's the request and the alternative, either for a hearing or if the court's going to deny a hearing, then the opportunity to submit a sentencing memorandum. And why is it unreasonable for counsel, having made that request twice to the district court, to await the ruling of the district court before proceeding to file a sentencing memorandum? Well, I understand what the court is saying procedurally in terms of that. I think the only thing that would be missing in this particular case would be a sentencing memorandum. We have all the documents, the 3553A factors and documents, and we know that the defendant was aware, at least someone was aware because they were submitted by, in at least two supplements in addition to the reply. But how does that cover all of the 3553A factors in a case like this where it wasn't the original sentencing judge? And in resentencing, Judge Mannion doesn't even indicate that he's reviewed the transcript of the original proceedings or even the PSR. That's correct. But nonetheless, I would submit that the fact that it's a different judge is irrelevant, and it's irrelevant because of this. The factors, the 3553A factors and the rehabilitation factors, would have to be seen anew by whatever judge it was. If it was Judge Caldwell still, then it would have to be seen by Judge Caldwell. At this point, it's Judge Mannion. So that's all anew. So in terms of all the factors, they were considered by the district court. Was there a sentencing memorandum? There was not. But there was every opportunity for a counsel to file a sentencing memorandum or something supplemental to which they wanted to do. In fact, this was over an extended period of time they had an opportunity to do so. The fact that counsel is claiming that, well, we didn't know that we needed to file something, I think is really not accurate. I think that certainly when you file your motion, you put in there all the factors that you need to in order to make this decision. What we don't have here is we don't have error. We have the district court properly found that he was a career offender at that time, properly applied the 3553A factors, properly considered all of the documents that he had submitted, and applied the correct statute, 3582C1B. And so, therefore, there are no errors by the district court in this particular case. Although in this case, there is the career offender designation that's going to be taken out of the mix, right? Well, I am not. And the reason for that, Your Honor, is the designation of a career offender, initially it was by Judge Caldwell, and then he said I would find him under the residual clause to still be a career offender at that time. There was no error at the time that the district court made their decision. And I would note that it goes making that finding and applying the seer to this particular case goes well beyond what Congress is saying. Congress could legislate. Murphy says the defendant's entitled to a recalculation on the guidelines, quote, under the law as it stands at the time of resentencing, close quote. That's exactly it, Your Honor. If this goes back, isn't it in effect a resentencing? Well, if the case goes back and it's resentenced based upon Murphy, I think the answer is yes. But what the court said and one of the words that the court used is resentencing. This was a resentencing before Judge Mannion. At this resentencing, Judge Mannion applied the proper law. And I think this case is easily distinguishable from Cabrera. That was not a first step act, fair sentencing act. They didn't mention Easter. They didn't mention Murphy. It's a non-binding case. But I think even Murphy goes, with all due respect, Your Honor, I think Murphy does go too far. Murphy applies the law, and that's not what Congress said. If we're giving a term of art to the word impose, I think we also have to apply the rest of the words. The rest of the words are as if there were an effect at the time the covered offense was committed. And I would suggest to the court that based upon that, the law at that time needs to be applied. Not perspective and not laws. But if something's taken out of the mix, as Mr. Fines noted, we could go from 262 to somewhere between 135 and 168. Is that correct? I would have to do a calculation. But that seems like it would be fairly accurate, Your Honor. So if it goes back and the career offender designation is taken out, then it is pretty darn important that they do a sentencing guideline recalculation, isn't it? I would submit that it would be important to do a recalculation because that calculation would not have been done. There would also need to be factual determinations based upon a drug weight as well. So where did Murphy go too far? Murphy went too far in indicating that it would be at the law at the time of the resentencing because I don't believe that's what the statute says. It's what it indicates under the First Step Act, which makes, of course, the Fair Sentencing Act retroactive, is the law as if it were an effect at the time covered. Both of them are very clear in stating that as if at the time that the covered offense was committed. And so otherwise, what you're doing is you're applying it to a very small group of individuals, but you have a whole host of other individuals that are not going to benefit from this here and any other subsequent cases that come after that. I think it should be the law that's applied at the time that it was committed, and that's where I think Murphy does go too far, Your Honor. There's no doubt there's a plausible argument both ways on it. Obviously, there was a dissent by Judge Bevis, I think, and Murphy, so no doubt. But at this point, it's going to go back. It's going to have a take into account the sentencing guideline range without the career offenders designation put in. And then the question becomes, wouldn't it be nice, or should we say to the court, you're going to have, you should have a hearing, and or you should allow further memoranda to come in with regard to whatever is relevant to the case, including rehabilitation? Well, I think if the court does send it back with instructions to apply Murphy and that he would not be determined to be a career offender, I think there is going to have to be, I'd have to concede that there would have to be a sentencing hearing. The reason for that is the drug weight and the firearm enhancement were two things that were not considered at that time by the district court, Judge Caldwell, because they were unnecessary. He was determined to be a career offender, which was a higher guideline range. That was what was applied. So there would need to be findings on both of those, Your Honor. Okay, thank you. Any further questions or comments? Is it the government's position that on remand in that circumstance, that those two objections could be heard only, or that counsel could raise other objections anew that had been previously decided by the original sentencing judge? Well, I think if it's sent back, I think it would, you're going to have to get into probably what would be a de novo proceeding because of those. I would suggest to the court that it should be limited to those two factors because they were the ones that were raised. And certainly, obviously, the court would be able to consider all the other 3553A factors. I don't believe there were any other enhancements that were applied in this case that would be an issue for contention, so I don't know that the court would need to address that specifically. But certainly those two issues that were not decided initially by the district court would have to be addressed. Thank you very much. Thank you. Mr. Kline? The test for not holding a hearing or not allowing additional information in beyond what the court did allow is abuse of discretion, is it not? Your Honor, I'm not sure that I would agree with that. I think that the decision about how to gather information would be discretionary with the district judge. But the idea that the district judge must have sufficient information to inform the Section 3553A consideration to me is a matter of law. If you don't do it in any way, then you have erred as a matter of law. But previously you said he should allow it in. That sounds like if he doesn't but he should, it's tough to say that's an abuse of discretion unless we say he must. I think that's what I'm saying, though, Judge Ambrose. What I'm saying is one way or another he had to allow Mr. Shields, he being Judge Mannion, of course, had to allow Mr. Shields to make the record to inform the Section 3553A considerations. He did not do that. Now, this Court may say in Easter we said there's no need to have a hearing and, Mr. Fine, you haven't shown a distinction that's material. But at the very least, I think he had to allow Mr. Shields' counsel to present additional written information and argument about the application of Section 3553A. My colleague across the bench there, through the plexiglass, tells the Court when he was arguing, under what seems a little like the cone of silence here, that we had all the 3553A documents that Judge Mannion did. But, of course, that's not true. He didn't because he was told by counsel, please let me provide more information to you. And so he clearly did not have all of that information. So the analysis could not be a well-informed analysis. And I'd like to turn very briefly, and I will not detain the Court, to that issue of Nassar. And I think that it's pretty plain that this Court has it within its ability to apply an analysis that looks a lot like Cabrera, to say that this is an exceptional circumstance and that it would be plain error to allow Mr. Shields to be resentenced as a career offender when the en banc court has now said that the in coed offense that formed one of his predicate offenses does not count. And I would submit to the Court that that applies whether this panel agrees that Judge Mannion erred in the procedure that he used or not, even if there were no problem with respect to having an in-person hearing or a written submission, it would nonetheless be appropriate, and I think that's what happened in Cabrera, for this Court to vacate the sentence and to remand for resentencing. Would we even need to resort to an extraordinary circumstances point where when it comes to plain error arguments under Johnson, we look to the law as exists at the time of the appellate decision, not the original district court decision? So is that applicable here where we're on direct review of the resentencing? And if so, does Johnson simply answer what law applies? Well, Your Honor, I do agree with what you've said, that you apply the law at the time of the appellate review. I think there's no question about that. The question about whether you need to find exceptional circumstances, I'll offer two responses. The first is that since I'm arguing in support of Mr. Shields' position, my immediate instinct is to say, well, no, of course you don't need to, because that gets him where he needs to go. In Cabrera, Judge Sirica seemed to believe that it was necessary because it had not been raised before and there had been a delay in his raising the issue. I would submit that either way, whether it's exceptional circumstances and then plain error review or simply plain error review, Cabrera provides what I think is a most reasonable analysis to allow Mr. Shields the benefit of this Court's decision in Nassar. And so with that, I would submit to the Court that it would be appropriate to vacate the First Step Act resentencing and to remand for a new sentencing proceeding, either in person or with additional written submissions and in any event to take into account the effect of Nassar on Mr. Shields' case. And I thank the Court for its time. Thank you very much. Thank you to both counsel for very well-presented arguments. We'll take the matter under advisement. Mr. Fine, I thank you and your law firm, K&L Gates, for taking this matter as amicus. You've done a very, very fine job. Thank you. Thank you, Your Honor.